BRYAN SCHRODER
United States Attorney

JACK S. SCHMIDT
Assistant United States Attorney
Federal Building & U.S. Courthouse
709 West 9th Street, Room 937
Post Office Box 21627
Juneau, Alaska 99802
Phone: (907) 796-0400
Fax: (907) 796-0409
Email: jack.schmidt@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | No. 1:17-cr-00010-TMB |
| vs. | ) |  |
|  | ) |  |
| KENNETH MANZANARES, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## PLEA AGREEMENT

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The defendant agrees to plead guilty to Murder in the Second Degree, in violation of 18 U.S.C. §§ 7(1) and (8) and 1111 (a)&(b), a lesser-included crime of Count 1 of the Indictment in this case. The United States agrees not to prosecute the defendant further for any other offense related to the event(s) that resulted in the charge(s) contained in the Indictment.

The defendant will waive his right to appeal the conviction and to collaterally attack his conviction and sentence. However, the defendant reserves the rights to appeal the reasonableness of the sentence (the Court's evaluation of the 18 U.S.C. § 3553(a) factors) imposed pursuant this agreement, and to collaterally attack the conviction and sentence on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

//

U.S. v. MANZANARES
1:17-cr-00010-TMB  Page 2 of 16
Case 1:17-cr-00010-TMB   Document 116   Filed 02/03/20   Page 2 of 16

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

**1. The defendant agrees to plead guilty to the following count(s) of the Indictment:**

Murder in the Second Degree, a violation of 18 U.S.C. §§ 7(1) and (8) and 1111(a)&(b), a lesser-included crime of Count 1 of the indictment.

### B. Elements

The elements of the charge(s) in Count 1 to which the defendant is pleading guilty are as follows:

   1. The defendant unlawfully killed Kristy Manzanares;

   2. The defendant killed Kristy Manzanares with malice aforethought; and

   3. The killing took place within a special maritime or territorial jurisdiction of the United States.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

Special Maritime or Territorial Jurisdiction of the United States includes a vessel on the high seas, any other waters within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State; any foreign vessel during a voyage having a scheduled departure from or arrival in the US with respect to an offense committed by or against a national of the United States.

U.S. v. MANZANARES
1:17-cr-00010-TMB        Page 3 of 16
Case 1:17-cr-00010-TMB   Document 116   Filed 02/03/20   Page 3 of 16

C.  **Factual Basis**

The defendant admits the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea and for the imposition of the sentence on the lesser-included crime of Murder in the Second Degree:

Beginning on July 24, 2017, Kenneth Manzanares, Kristy Manzanares, and Kristy Manzanares's family members were aboard the M/V Emerald Princess, a foreign flagged vessel registered in the Bahamas, on an Alaskan Cruise within the District of Alaska. Kenneth Manzanares and Kristy Manzanares are both nationals of the United States residing in Utah.

On the morning of Tuesday July 25, 2017, the M/V Emerald Princess arrived in Ketchikan, Alaska for a port of call.  The M/V Emerald Princess departed Ketchikan later that afternoon for its next port of call, Juneau, Alaska.  The M/V Emerald Princess travelled to Juneau on the outside waters of the Alaskan Coast, at least seven miles offshore.  This was within the special maritime and territorial waters of the United States.

That same day, at approximately 8:50 pm, the defendant, Kenneth Manzanares, Kristy Manzanares, a minor child (Minor #1), and their 22-year old daughter were inside of the cabin of D726 aboard M/V Emerald Princess.  The defendant and Kristy Manzanares began arguing about the defendant's behavior that evening, and, during the discussion, Kristy Manzanares stated she wanted to divorce the defendant. She told him to disembark the vessel at Juneau in order for him to travel back home to Utah.  The defendant told Minor #1 and their 22-year old daughter to leave the room; both went into

U.S. v. MANZANARES
1:17-cr-00010-TMB                    Page 4 of 16
Case 1:17-cr-00010-TMB   Document 116   Filed 02/03/20   Page 4 of 16

an adjoining relatives' cabin. A few minutes later, Minor #1 and their 22-year old daughter heard Kristy Manzanares scream. Minor #1 and the 22-year old daughter attempted to reenter cabin D726 using their room's adjoining door when the defendant told them "don't come in here." Minor #1 and the 22-year old daughter then went to the connected balcony and observed the defendant straddling Kristy Manzanares, who was on the floor. The defendant was striking Kristy Manzanares in the head with closed fists. By striking Kristy Manzanares in the head repeatedly with closed fists, the defendant acted recklessly, and with extreme disregard for Kristy's life, and killed Kristy Manzanares.

Their 22-year old daughter left to summon help. Kristy Manzanares's two brothers and father arrived on scene and observed the defendant pulling Kristy Manzanares towards the balcony by her legs. One of Kristy Manzanares' brothers grabbed Kristy Manzanares and brought her back into the room, where he observed severe blunt force trauma to Kristy Manzanares' head and face area. At approximately 9:03 pm, ship's security and medical personnel arrived and attempted to perform life saving measures on Kristy Manzanares. At approximately 9:20 p.m., Kristy Manzanares was pronounced deceased by the ship's medical personnel. An autopsy was performed by the Alaska State Medical Examiner who determined that Kristy Manzanares was killed by blunt force trauma to Kristy Manzanares' head and face.

At the time of Kristy Manzanares's murder, the M/V Emerald Princess was within the special maritime and territorial jurisdiction of the United States, as defined by Title 18, United States Code, Section 7(1) and (8).

U.S. v. MANZANARES
1:17-cr-00010-TMB        Page 5 of 16
Case 1:17-cr-00010-TMB   Document 116   Filed 02/03/20   Page 5 of 16

The defendant was interviewed and stated he and Kristy Manzanares had an argument. The defendant admitted to striking Kristy Manzanares once with a closed fist, seeing blood and striking Kristy Manzanares another time, and stated he had no memory after that point.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

Count 1: Murder in the Second Degree, in violation of 18 U.S.C. §§ 7(1) and (8) and 1111 (a)&(b).

1) Any term of years to life imprisonment;

2) a $250,000 fine;

3) a $100 special assessment; and

4) five years of supervised release.

#### 2. Other Matters Affecting Sentence

##### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after

U.S. v. MANZANARES
1:17-cr-00010-TMB   Page 6 of 16
Case 1:17-cr-00010-TMB   Document 116   Filed 02/03/20   Page 6 of 16

the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

U.S. v. MANZANARES
1:17-cr-00010-TMB Page 7 of 16
Case 1:17-cr-00010-TMB Document 116 Filed 02/03/20 Page 7 of 16

E.   Restitution

The Court will have sole discretion ultimately to determine if the defendant has liability for any restitution.

## III.   ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

A.   Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

B.   Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

1.   Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the

U.S. v. MANZANARES
1:17-cr-00010-TMB                          Page 8 of 16
Case 1:17-cr-00010-TMB   Document 116   Filed 02/03/20   Page 8 of 16

criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C. Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea(s) and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II.C.

U.S. v. MANZANARES
1:17-cr-00010-TMB   Page 9 of 16
Case 1:17-cr-00010-TMB   Document 116   Filed 02/03/20   Page 9 of 16

Provided, however, if the defendant's guilty plea(s) or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

V. **WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410**

   A. **Trial Rights**

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

U.S. v. MANZANARES
1:17-cr-00010-TMB                     Page 10 of 16
      Case 1:17-cr-00010-TMB   Document 116   Filed 02/03/20   Page 10 of 16

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

## B. Appellate Rights

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742, except for the narrow issue regarding the reasonableness of the sentence that the Court imposes after its evaluation of the factors set forth in 18 U.S.C. § 3553(a). The defendant understands that this waiver includes, but is not limited to, the Court's findings on the applications of the U.S.S.G., terms or conditions of probation (if applicable) or supervised release, any fines

U.S. v. MANZANARES
1:17-cr-00010-TMB  Page 11 of 16
Case 1:17-cr-00010-TMB   Document 116   Filed 02/03/20   Page 11 of 16

or restitution, and any and all constitutional (or legal) challenges to defendant's conviction(s) and guilty plea[s], including arguments that the statute(s) to which defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

By waiving these rights, the defendant understands that the conviction(s) the Court imposes will be final. No other court will conduct appellate review of the conviction(s).

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

U.S. v. MANZANARES
1:17-cr-00010-TMB                Page 12 of 16
Case 1:17-cr-00010-TMB   Document 116   Filed 02/03/20   Page 12 of 16

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the court's acceptance of the guilty plea(s) in this case. This provision applies regardless of whether the court accepts this plea agreement.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, KENNETH MANZANARES, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s). There are no other promises, assurances, or

U.S. v. MANZANARES
1:17-cr-00010-TMB  Page 13 of 16
Case 1:17-cr-00010-TMB   Document 116   Filed 02/03/20   Page 13 of 16

agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

U.S. v. MANZANARES
1:17-cr-00010-TMB					Page 14 of 16
Case 1:17-cr-00010-TMB   Document 116   Filed 02/03/20   Page 14 of 16

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charge(s) to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute(s) applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Murder in the Second Degree, in violation of 18 U.S.C. §§ 7(1) and (8) and 1111 (a)&(b), a lesser-included crime of Count 1 of the Indictment.

DATED: 1/21/20

KENNETH MANZANARES
Defendant

//

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 1/27/2020

_RICH CURTNER_
Attorney for MANZANARES

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 2/3/2020

JACK S. SCHMIDT, AUSA, for
BRYAN SCHRODER
United States of America
United States Attorney